Filed 8/31/21  Russell W. v. Murffo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RUSSELL W., JR., a Minor, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>JOSEPH MURFFO,<br><br>    Defendant and Respondent. | A161468<br><br>(Del Norte County<br>Super. Ct. No. CVHS-2020-1180) |

**MEMORANDUM OPINION[1]**

Russell W., Junior, appearing via his guardian ad litem Russell W., Senior, appeals from an order denying his request for a civil harassment restraining order against Joseph Murffo.[2]

Appellant's opening brief is seriously deficient. Although he raises numerous factual assertions throughout his brief, he includes no citation to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [any

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] We note that the respondent's name is alternately spelled "Murffo" and "Marrufo" in the record. However, in this opinion, we use the spelling "Murffo," taken from the reporter's transcript.

reference to matters in record must be supported with citation to volume and page number].)  We may disregard factual statements not supported by proper citation to the record.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  It is not our role to search the record for evidence that supports a party's statements.  (*Ibid.*)

Furthermore, other than citing Code of Civil Procedure section 904.1—in support of his argument relating to appealability—appellant cites no legal authority.  The trial court's judgment is presumed to be correct, and it is the burden of the party challenging it on appeal to affirmatively demonstrate prejudicial error.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  An appellant's failure to present argument with adequate references to the record on appeal and legal authority may result in forfeiture.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (a)(1)(C); *Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.)

Appellant has filed his opening brief in propria persona.  But self-represented litigants "are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; accord, *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  Thus, appellant remains obligated to make an intelligible argument supported by citation to the record and applicable legal authority.  (*Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246-1247.)  We treat the arguments raised in appellant's opening brief as forfeited and conclude he has failed to meet his burden of establishing error.

**DISPOSITION**

The order is affirmed. No costs are awarded because respondent did not file a brief. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

SIMONS, J.

A161468

4